

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2008

# Alexander v. Forr

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4467

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Alexander v. Forr" (2008). *2008 Decisions.* Paper 616.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/616

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4467

———————

RAYMOND ALEXANDER,
                                          Appellant

v.

JIM FORR; PHD JEFFREY BEARD; THOMAS JAMES; SHARON BURKS;
TSHANNA KYLER; DONALD WILLIAMSON; ROBERT BITNER;
ROBERT SHANNON; J. KERESTES; J.D. SHUTT; DAVID SEARFOSS;
KEVIN KANE; PETE DAMITER; RUSSELL SCHEUREN; CINDY WALASAVAGE;
DAVID POPEK; E. POGIRSKI; F. PATRICK DAVISON; C.O. MILLER;
CAPT. DURANT; CAPT MIZENKO; LT. POPSON; OFFICER O'DAY;
C.O. HARNER; C.O. KINTZEL; C.O. KIEFABOR; #1 JOHN DOE; #2 JOHN DOE;
#3 JOHN DOE; JOHN DOE 4; JOHN DOE #5; JOHN DOE #6;
WILLIAM WOLFE; RON BRYANT; CAROLYN CHEEK; DAN HENRY

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 04-cv-00370
(Honorable Thomas I. Vanaskie)

———————

Submitted Under Third Circuit LAR 34.1(a)
August 2, 2007

Before: SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges.

(Filed: August 28, 2008)

———————

OPINION OF THE COURT

———————

PER CURIAM.

Raymond Alexander, a prisoner at Mercer State Regional Correctional Facility, appeals from the District Court's order granting Defendants' motion for summary judgment. For the reasons that follow, we will affirm.

I

In 2004 Alexander filed a § 1983 complaint against Jim Forr, the former grievance coordinator at SCI-Frackville, alleging that Forr had filed false misconduct charges in retaliation against Alexander for filing grievances.[1] Alexander later amended his complaint to add retaliation claims against 35 other officials and employees of prisons in which he has been housed, including six John Doe correction officers. He claims that in addition to filing false misconduct charges the defendants have, inter alia, confiscated his mail, transferred him to an inferior prison, placed him in administrative segregation, and denied his grievances.

The defendants eventually moved for summary judgment. The Magistrate Judge recommended dismissing the complaint against three of the defendants based on Alexander's failure to exhaust one of his claims; dismissing the complaint as to six named defendants and all unnamed defendants based on their lack of personal involvement; granting the motion or dismissing the action with regard to Alexander's retaliation claims based on his failure to show causation; granting the motion with regard to Alexander's

---

[1] Because the relevant facts of this case are set forth in the Magistrate Judge's detailed Report and Recommendation, we provide only a brief statement of the procedural and factual background.

due process claim pursuant to <u>Sandin v. Connor</u>, 515 U.S. 472 (1995); and dismissing the action against those defendants whom Alexander failed to serve. The District Court overruled Alexander's objections and rejected all of his claims on the merits (it thus had no need to address exhaustion and service of process). The court adopted the Report and Recommendation, granted the defendants' motion for summary judgment, and dismissed the action with regard to the John Doe defendants. This appeal followed.

## II

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a District Court's order granting summary judgment. <u>See</u> <u>S&H Hardware & Supply Co. v. Yellow Transp. Inc.</u>, 432 F.3d 550, 554 (3d Cir. 2005). Summary judgment is appropriate when the record shows that there is no need of a trial because "there is no genuine issue of material fact and []the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). As the Supreme Court has explained, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56(e).

## III

To state a claim under § 1983, Alexander must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. Moreover, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). As the Magistrate Judge explained, Alexander has provided no basis for concluding that defendants Beard, James, Burks, Kyler, Bitner, Henry or the unidentified defendants were personally involved in the alleged incidents. For example, the only support Alexander provides for his retaliation claim against defendant Henry is an affidavit from Alexander's brother, William Hossbach, who states that he used to send hockey cards to Alexander. Prior to October, 2002, the letters containing the cards were sometimes confiscated, but Alexander would receive the cards if he made a written request to Henry. After October 2002 the letters were returned to Hossbach undelivered. However, nothing in the affidavit supports the conclusion that Henry was personally involved in the confiscation or return of the letters. Alexander admits as much in his objections, where he states that "[t]he causal link between Henry and the acts sworn to in the affidavit is that he was the mailroom supervisor and was responsible for the acts." Objections at 4. But this is simply an assertion of respondeat superior and, thus, insufficient. Rode, supra.

## IV

4

Henry's example also demonstrates another dispositive flaw with Alexander's case: even if he had shown personal involvement on the part of all defendants, as the District Court properly concluded he has not met all the elements required for a successful retaliation claim. As we have explained, "government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for the exercise of a constitutional right." Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). To prevail on a retaliation claim a prisoner must show all of the following: (1) that his conduct against which the defendants allegedly retaliated was constitutionally protected; (2) that he suffered some "adverse action" which would be sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his exercise of a constitutional right caused the defendants to take the adverse action against him. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). The third step involves a shifting burden of proof: if the prisoner shows that his protected conduct was a substantial or motivating factor in the retaliation, the defendants can avoid liability by showing by a preponderance of the evidence that they would have taken the same action even without the protected activity for reasons reasonably related to a legitimate penological interest. Id. at 333-334.

We will assume arguendo that Alexander satisfies the first two prongs of the analysis. As the District Court explained, however, Alexander's allegations of causation typically amount to no more than unsupported assertions; indeed, he often appears to rely on his unwarranted belief that causation is self-evident, at least where the defendants have

5

acknowledged that their actions had adverse consequences for him.[2]  At any rate, Alexander has provided no evidence that the defendants denied his grievances or appeals in retaliation rather than because they believed that the grievances had no merit. Moreover, not only has Alexander failed to support his assertion that his transfer to S.C.I. Frackville was retaliatory, but the defendants have provided plausible and independent reasons for transferring him: it is undisputed that Alexander had requested a transfer from his former prison and that S.C.I. Frackville is over 200 miles closer to his home.  Much the same analysis applies to his placement in administrative segregation: Alexander reported that he had been threatened by another inmate and he was returned to general population when the threat ended.

---

[2] Alexander's reliance on documentary support is typically of no avail.  For example, to support his allegations that defendant Pogirski retaliated by improperly withholding mail, denying an outside purchase request, and diverting or destroying his grievances, Alexander cites merely his own prison grievances containing the same allegations.  (See Declaration in Opposition to Summary Judgment at ¶ 7.)  It goes without saying that prison grievances are not evidence of the allegations they contain.

V

Finally, to the extent that Alexander's claim against defendant Kane amounts to a due process claim as well as a retaliation claim, it is barred by <u>Sandin</u>, <u>supra</u>, because Alexander has not shown that the discipline involved imposed an "atypical and significant hardship." <u>See</u> <u>Sandin</u>, <u>supra</u>; <u>Griffin v. Vaughan,</u> 112 F.3d 703, 706 (3d Cir. 1997).

We have considered Alexander's remaining arguments and conclude that they are meritless. Accordingly, we affirm the judgment of the District Court.[3]

---

[3] Alexander has filed a motion for sanctions against the Appellees in this Court arguing that many of them perjured themselves in their affidavits in support of summary judgment. We deny the motion.